UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL SAVAGE,<br><br>                      Plaintiff,<br><br>v.<br><br>DENNIS DILLON AUTO PARK & TRUCK CENTER, INC.; PEDER HUMLEN, individually; ROY BAXTER, individually; LEE HAWKINS, individually; and JOHN DOES I through XX whose true identities are unknown,<br><br>                      Defendants. | Case No. 1:14-cv-00123-EJL-CWD<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Defendants' motion to strike the affidavit of Stephan Hazlett, filed on August 12, 2015. (Dkt. 34.) Defendants contend the affidavit is untimely filed. The parties have fully briefed the motion and it is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court finds the decisional process would not be significantly aided

**ORDER - 1**

by oral argument, the motion will be decided on the record before the Court. Dist. Idaho L. Rule 7.1(d). As explained below, the Motion to Strike (Dkt. 34) will be **denied**.

## BACKGROUND

The procedural history provides the backdrop for resolving the motion to strike. On June 25, 2015, Defendants filed a motion for summary judgment, supported by the Affidavit of Mark Sebastian. On June 25, 2015, Plaintiff filed his motion for partial summary judgment, supported by the Declaration of Breck Seiniger. The declaration attached Savage's Charge of Discrimination, submitted to the Idaho Commission on Human Rights. Within the administrative charge, Savage described a conversation he had with Hazlett. Hazlett recounted to Savage a conversation Hazlett had with Defendant Humlen, during which Humlen told Hazlett he did not like "niggers." The declaration attached also the Commission's Summary of Investigation, which also described the conversation between Humlen and Hazlett.

On July 13, 2015, Defendants filed their memorandum in opposition to Plaintiff's motion for partial summary judgment. In the memorandum, Defendants objected to the admissibility of the interview statements contained within the Commission's summary of investigation and Savage's third party recount of the conversation he had with Hazlett on the grounds that the statements in the summary and the charge are hearsay.

On July 24, 2015, Plaintiff filed his reply in support of his motion for partial summary judgment. In an effort to overcome the hearsay objection, Plaintiff submitted on July 27, 2015, the Affidavit of Stephan Hazlett, in which Hazlett recounted the

**ORDER - 2**

conversation Hazlett had with Mr. Humlen, and which conversation was previously described in the ICHR investigation summary and Plaintiff's charge of discrimination. Defendants' reply brief, filed on August 6, 2015, substantively addressed the comments allegedly made by Defendant Humlen to Hazlett as they relate to the pending motions.

On August 12, 2015, Defendants filed a motion to strike the Hazlett affidavit on the grounds that the affidavit was untimely submitted under Dist. Idaho L. Rule 7.1, and Fed. R. Civ. P. 56. Defendants argue the Hazlett affidavit should be stricken because it was not filed by Plaintiff until one week after the deadline for his response to Defendants' motion for summary judgment, and it was filed too late to support Plaintiff's motion for partial summary judgment.

## ORDER

Federal Rule of Civil Procedure 12(f) provides in part that, "upon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. As a general rule, motions to strike based on Rule 12(f) are viewed with disfavor and are not frequently granted. *See Pease & Curren Refining, Inc. v. Spectrolab, Inc*., 744 F.Supp. 945, 947 (C.D.Cal.1990); *United States v. Shell Oil Co*., 605 F.Supp. 1064, 1085 (D.Colo.1985); 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1380, at 783 (1969).

Federal Rule of Civil Procedure 56 requires summary judgment motions to be supported by cites to the record and affidavits. However, the rule allows for flexibility. The Court is not limited to consideration of only the cited materials, but also may

**ORDER - 3**

consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). Further, Fed. R. Civ. P. 56(c)(4) allows declarations to set out facts that "*would be* admissible in evidence." Hearsay statements can be cured at trial with the testimony of the declarant, as in this case. Finally, if a party fails to properly support an assertion of fact, the Court has discretion to give the party an opportunity to properly support or address the fact. Fed. R. Civ. P. 56(e). In other words, the Court retains discretion to allow parties to submit additional materials in support of or in opposition to a motion for summary judgment, and is not foreclosed on the sole grounds of "untimeliness" as Defendants suggest regarding the Hazlett affidavit. The rule encourages decisions on the merits, not on technicalities.

     Dist. Idaho L. Rule 7.1 also does not provide sufficient grounds to strike the affidavit. It is true that Rule 7.1(b) requires the moving party to file with the motion affidavits required or permitted by Fed. R. Civ. P. 6(c), which rule in turn requires an affidavit supporting a motion to be served with the motion. However, Defendants' position obscures the overriding policy favoring decisions on the merits—a policy expressed in the local rules, the case law of the United States Court of Appeals for the Ninth Circuit, and the Federal Rules of Civil Procedure. *Escobar v. Storer*, 2015 WL 363488 *4 (D. Idaho Jan. 27, 2015). Federal Rule of Civil Procedure 1 states that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

     Defendants do not suggest that considering the Hazlett affidavit would unduly delay this proceeding, unreasonably increase its expense, or otherwise render the Court's

**ORDER - 4**

determination of the cross motions for summary judgment unjust. Furthermore, Defendants are acutely aware of the conversation that occurred between Hazlett and Defendant Hamlen. Indeed, Defendants addressed the substantive aspects of the statements in their reply memorandum, filed prior to the submission of Hazlett's first party account of the conversation he had with Defendant Hamlen.

    The Motion to Strike is therefore **DENIED**.

Dated: **October 19, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

**ORDER - 5**